## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

MARK OWEN WHITE,      )
                             )
     Petitioner,      )
                             )
v.                            )      Civil Action No. 3:17CV441–HEH
                             )
U.S. DEPARTMENT OF JUSTICE      )
FEDERAL BUREAU OF PRISONS      )
FCC PETERSBURG, *et al.,*      )
                             )
     Respondents.      )

NOV 2 1 2018

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

## MEMORANDUM OPINION
### (Granting Motion to Dismiss)

Mark Owen White, a federal inmate proceeding *pro se*, filed this petition for a writ

of mandamus ("Petition," ECF No. 1). White names as respondents: the U.S.

Department of Justice Federal Bureau of Prisons FCC Petersburg and Warden Wilson[1]

("Respondents"). White contends that Respondents have failed to provide appropriate

medical care for his Hepatitis C. The matter is before the Court on Respondents' Motion

to Dismiss. For the reasons stated below, the Motion to Dismiss (ECF No. 12) will be

granted because White fails to establish that he is entitled to mandamus relief.

## I. STANDARD FOR MOTION TO DISMISS

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss

any action filed by a prisoner if the Court determines the action (1) "is frivolous" or

---

[1] Respondents note that Warden Wilson is no longer the warden of FCI Petersburg, and that the current warden is Ray Ormond. (ECF No. 13, at 1 n.1.) Because White brings this action seeking mandamus relief against Warden Wilson in his official capacity, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Ray Ormond is substituted for Warden Wilson as a respondent in this matter.

(2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)), *aff'd*, 36 F.3d 1091 (4th Cir. 1994). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints

containing only "labels and conclusions" or a "formulaic recitation of the elements of a

cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient

"to raise a right to relief above the speculative level," *id.* (citation omitted), stating a

claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A

claim has facial plausibility when the plaintiff pleads factual content that allows the court

to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or

complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts

sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours

& Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d

193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)).

Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d

1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua*

*sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the

face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J.,

concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. SUMMARY OF PERTINENT ALLEGATIONS

White initiated this action by filing the instant Petition. (Pet. 1–11.) By

Memorandum Order entered on April 13, 2018, the Court provided White with the option

to file a particularized complaint and to pursue this matter as a *Bivens*[2] action. (ECF

No. 8.) White did not file a particularized complaint. Instead, White responded,

---

[2] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

3

indicating that he intended to pursue this action as a petition for a writ of mandamus.

(ECF No. 9.)

In his Petition, White states:[3]

> [P]ursuant to Title 28 U.S.C. § 1651[[4]] . . . Petition for Writ of Mandamus hereto is sought for relief from lack of medical treatment for [White's] Hepatitis C [c]hronic [l]iver [d]isease through anti-viral therapy, or proper medical care evaluation for treatment, under recognized and newly adopted standard for evaluated methods of treatment in light of Hepatitis [c]ure(s). Instant Petitioner, [White,] is a federal prisoner seeking order of this judicial forum to compel the U.S. D.O.J.[] Federal Bureau of Prisons hereof at FCC Petersburg, Virginia under supervision of Warden Wilson to fully upgrade substandard policy, which allows inmate(s), i.e., Mark Owen White to linger in Hepatitis C affect and agony, without anti-viral therapy treatments.

(Pet. 1.)

## III. ANALYSIS

"The common-law writ of mandamus[] [is] codified in the All Writs Act at 28 U.S.C. § 1651 . . . ." *South Carolina v. United States*, No. 18–1148, --- F.3d ----, 2018 WL 5305323, at *9 (4th Cir. Oct. 26, 2018) (citation omitted); *cf.* 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."). However, mandamus is a drastic remedy, only to be granted in extraordinary circumstances. *In re Beard*, 811 F.2d 818, 826

---

[3] The Court utilizes the pagination assigned to White's Petition by the CM/ECF docketing system. The Court corrects the spelling and punctuation in quotations from White's Petition.

[4] Title 28 U.S.C. § 1651 provides, in part: "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a).

(4th Cir. 1987) (citing *Kerr v. U.S. Dist. Court for N. Dist. of Cal.*, 426 U.S. 394, 402 (1976)).

The party seeking a writ of mandamus must establish each of the following elements:

> (1) he [or she] has a clear and indisputable right to the relief sought; (2) the responding party has a clear duty to do the specific act requested; (3) the act requested is an official act or duty; (4) there are no other adequate means to attain the relief he [or she] desires; and (5) the issuance of the writ will effect right and justice in the circumstances.

*In re Braxton*, 258 F.3d 250, 261 (4th Cir. 2001) (citations omitted). In White's Petition, he indicates that he "seek[s] [an] order . . . compel[ling] the U.S. D.O.J.[] Federal Bureau of Prisons hereof at FCC Petersburg, Virginia under supervision of Warden Wilson to fully upgrade [its] substandard policy" as related to treating White's Hepatitis C. (Pet. 1.) To establish entitlement to mandamus relief, "[t]he law must not only authorize the demanded action, but require it; the duty must be clear and indisputable." *Cent. S.C. Chapter, Soc. of Prof'l Journalists, Sigma Delta Chi v. U.S. Dist. Court for Dist. of S.C.*, 551 F.2d 559, 562 (4th Cir. 1977) (citation omitted). "It has been said that the writ of mandamus will not issue to compel an act involving the exercise of judgment and discretion." *Id.* (citation omitted).

With respect to the provision of medical treatment to prisoners, "the government[] [is] obligat[ed] to provide medical care for those whom it is punishing by incarceration." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). However, a prisoner's right to medical treatment is limited to that treatment which is medically necessary and

5

not to "that which may be considered merely desirable." *Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977). Therefore, White is not entitled to the medical care of his choosing. *See Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (citing *Estelle*, 429 U.S. at 103–04) (noting that "society does not expect that prisoners will have unqualified access to health care" or to the medical treatment of their choosing).

Because White is not entitled to the medical care of his choosing, White has failed to establish that he has a "clear and indisputable right" to the specific medical treatment that he requests or that Respondents have a clear nondiscretionary duty to provide the requested relief. *See In re First Fed. Sav. & Loan Ass'n of Durham*, 860 F.2d 135, 138 (4th Cir. 1988) (citations omitted) ("Mandamus against a public official will not lie unless the alleged duty to act involves a mandatory or ministerial obligation which is so plainly prescribed as to be free of doubt."); *Maxwell v. United States*, No. 4:CV–08–1300, 2008 WL 4609996, at *1–2 (M.D. Pa. Oct. 14, 2008) (citations omitted) (dismissing a prisoner's mandamus petition when the prisoner alleged that "he ha[d] been denied 'standard medical treatment'" for several medical conditions and requested that the court compel the Federal Bureau of Prisons "to provide him with the medical care he requires" because, *inter alia*, "there is no clear non-discretionary duty placed on the [Federal Bureau of Prisons] to provide prisoners with a specific type of treatment"); *cf. Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1235 (10th Cir. 2005) (discussing that a prisoner may be able to seek mandamus relief regarding his receipt of medical care when the prisoner seeks only to be examined by medical personnel and "to

receive whatever care they believe is necessary," but noting that the prisoner would not

be entitled to mandamus relief if he requested specific medical treatment and sought to

"control or override the discretion of the prison [medical personnel]").

Furthermore, a writ of mandamus "is intended to provide a remedy for a

[petitioner] only if he [or she] has exhausted all other avenues of relief." *Heckler v.*

*Ringer*, 466 U.S. 602, 616 (1984) (citations omitted). Here, the Court provided White

with the opportunity to file a particularized complaint and to pursue this action as a

*Bivens* action. (ECF No. 8.) White chose not to do so. (*See* ECF No. 9.) White's

*preference* to pursue this action as a petition for a writ of mandamus does not

establish that there are no other adequate remedies available to him. *See In re*

*Braxton*, 258 F.3d at 261 (citations omitted) (discussing cases in which the party

"seeking a writ of mandamus" fails to establish entitlement to mandamus relief

because "other adequate means exist" to obtain the relief sought); *see also In re*

*Speight*, 491 F. App'x 352, 353 (3d Cir. 2013) (denying a federal prisoner's petition for

a writ of mandamus when the prisoner sought, *inter alia*, to "force his custodian to treat

his serious medical condition" because the prisoner should initially "pursue his concerns

through the internal administrative remedies of the facility"); *Cunningham v. Fed.*

*Bureau of Prisons*, No. 7:09CV00432, 2009 WL 3485954, at *1–2 (W.D. Va. Oct. 28,

2009) (dismissing a prisoner's mandamus petition seeking to compel "unnamed officials

of the Federal Bureau of Prisons . . . to accept and respond in a timely manner to inmate

requests at each level of the prison grievance procedures" because, *inter alia*, the prisoner "had other remedies besides [a] petition for mandamus").

Therefore, because the relief sought by White could be pursued by other means, such as through a *Bivens* action, White fails to establish that he has "no other adequate means to attain the relief he desires." *Kerr*, 426 U.S. at 403 (citation omitted); *see Maxwell*, 2008 WL 4609996, at *2 (concluding that a prisoner's mandamus petition regarding his receipt of specific medical treatment was "more properly characterized as challenging the adequacy of the medical care being provided" to him and that "[s]uch claims are properly asserted in a federal civil rights action"); *Coleman-Bey v. United States*, 512 F. Supp. 2d 44, 46 (D.D.C. 2007) (alterations in original) (some internal quotation marks omitted) (denying a prisoner's mandamus petition when the prisoner sought to compel federal officials to provide him with "necessary [H]epatitis [C] medication" because he failed to establish that he was "without an adequate remedy at law").

In summary, White fails to establish that (1) he has a "clear and indisputable right" to the specific medical care that he seeks, (2) Respondents have a "clear duty" to provide the relief sought, or (3) "there are no other adequate means to attain the relief he desires." *In re Braxton*, 258 F.3d at 261 (citations omitted). The Court need not discuss the fourth and fifth elements, which are set forth in *In re Braxton*, because the failure to establish any one of the required five elements precludes

entitlement to mandamus relief. *See id.* Accordingly, White's Petition will be denied.

## IV. CONCLUSION

The Motion to Dismiss (ECF No. 12) will be granted. White's Motion for the Issuance of Subpoenas (ECF No. 16), requesting that the Court order specific medical testing, and Motion to Strike (ECF No. 20), requesting that Respondents' reply brief be stricken, will be denied. The § 2241 Petition (ECF No. 1) will be denied. The action will be dismissed without prejudice.

An appropriate Final Order shall accompany this Memorandum Opinion.

/s/

HENRY E. HUDSON
SENIOR UNITED STATES DISTRICT JUDGE

Date: **Nov. 21, 2018**
Richmond, Virginia